IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND; and TRUSTEES OF THE DISTRICT COUNCIL NO. 14 METAL POLISHERS 401(K) RETIREMENT PLAN FUND, | ) ) ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | No. 16 C 2777 |
| HARD SURFACE FINISHERS, INC., an Illinois corporation, | ) ) ) | Judge |
| | ) | Magistrate Judge |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs, by and through their attorneys, DONALD D. SCHWARTZ , JAMES R. ANDERSON, GRANT R. PIECHOCINSKI, and ARNOLD AND KADJAN, complain against the Defendant **Hard Surface Finishers, Inc.,** as follows:

**COUNT I**

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. 185(a), and Section 502 of the Employee Retirement Security Act (ERISA) of 1974, as amended, 29 U.S.C. Section 1132(e)(1), 1145 and 28 U.S.C. Section 1331 and under federal common law.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Plaintiffs Fund is administered here in this judicial district.

**The Parties**

3. The Plaintiffs are the Trustees of the Chicago Painters and Decorators Welfare Fund ("the Welfare Fund"), and have standing to sue pursuant to 29 U.S.C. Section1132(d)(1).

1

4. The Welfare Fund has been established pursuant to Collective Bargaining Agreements previously entered into between the Painters' District Council No. 14 and its affiliated locals (the "Union"), and certain employer associations, including the Chicago Metal Contractors Association.

5. The Fund is maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provisions of the Collective Bargaining Agreements and Declarations of Trust ("Trust Agreement") which established the Fund.

6. **Hard Surface Finishers, Inc. ("Hard Surface")** is an Illinois corporation and an employer in an industry affecting commerce. **Hard Surface** at all pertinent times herein, has been party to a Collective Bargaining Agreement with the Union, and the Chicago Metal Contractors Association ("Labor Agreement"), which binds **Hard Surface** to the Declaration of Trust establishing the Welfare Fund.

**The Agreements**

7. Pursuant to the provisions of the Labor Agreement, **Hard Surface** is bound to the Trust Agreement and is required to make periodic contributions to the Funds for each employee employed during that month.

8. Under the terms of the Labor Agreement and Trust Agreement to which it is bound, **Hard Surface** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreement require **Hard Surface**

to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

## The Claim

9. **Hard Surface** breached the provisions of the Labor Agreement and Trust Agreement by failing to submit certain of its contributions to the Welfare Fund for the period from June 1, 2013 through the present.

10. Pursuant to the provisions of the Labor Agreement and Trust Agreements, **Hard Surface** is required to pay liquidated damages, auditor fees and all attorneys's fees and court costs incurred by the Welfare Fund in the collection process.

11. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **Hard Surface.**

12. **Hard Surface** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132 (g)(D).

13. Pursuant to 29 U.S.C. Section 1132(g)(2)(c), Plaintiffs are entitled to an amount equal to the greater of:

   (i)   interest on the unpaid contributions; or

   (ii)  liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

## Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A.   **Hard Surface** be ordered to produce reports and contributions from December, 2015 through the present; and records for a fringe benefit audit from June, 2013 through the present;

B.  That judgment be entered in favor of Plaintiffs and against **Hard Surface** in the amount shown to be due on the reports.and the audit;,

C.  That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages and/or interest, and reasonable attorneys' fees and costs, all as provided in 29 U.S.C. Section 1132(g)(2)(D); and

D.  That this Court grant such other and further relief as may be appropriate under the circumstances.

## COUNT II

Jurisdiction and Venue

1-2.  Plaintiffs reallege paragraphs 1 through 2 of Count I as and for paragraphs 1 through 2 of this Count II.

**The Parties**

3.  The Plaintiffs are the Trustees of the District Council No. 14 Metal Polishers 401)k) Retirement Plan Fund ("Retirement Fund"), and have standing to sue pursuant to 29 U.S.C. Section1132(d)(1).

4.  The Retirement Fund has been established pursuant to Collective Bargaining Agreements previously entered into between the Painters' District Council No. 14 and its affiliated locals (the "Union"), and certain employer associations, including the Chicago Metal Contractors Association.

5.  The Fund is maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and

provisions of the Collective Bargaining Agreements and Declarations of Trust ("Trust Agreement") which established the Fund.

6. **Hard Surface Finishers, Inc. ("Hard Surface")** is an Illinois corporation and an employer in an industry affecting commerce. **Hard Surface** at all pertinent times herein, has been party to a Collective Bargaining Agreement with the Union, and the Chicago Metal Contractors Association ("Labor Agreement"). The Labor Agreement binds **Hard Surface** to the Declaration of Trust establishing the Retirement Fund.

### The Agreements

7. Pursuant to the provisions of the Labor Agreement, **Hard Surface** is bound to the Trust Agreement and is required to make periodic contributions to the Funds for each employee employed during that month.

8. Under the terms of the Labor Agreement and Trust Agreement to which it is bound, **Hard Surface** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreement require **Hard Surface** to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process to the Funds. In addition, the Labor Agreement and the Trust Agreement require **Hard Surface** to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

### The Claim

9. **Hard Surface** breached the provisions of the Labor Agreement and Trust Agreement by failing to submit all of its reports and contributions to the Retirement Fund for certain periods within the time period from January 1, 2014 through the present.

5

10. Pursuant to the provisions of the Labor Agreement and Trust Agreements, **Hard Surface** is required to pay liquidated damages, auditor fees and all attorneys's fees and court costs incurred by the Welfare Fund in the collection process.

11. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **Hard Surface.**

12. **Hard Surface** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132 (g)(D).

13. Pursuant to 29 U.S.C. Section 1132(g)(2)(c), Plaintiffs are entitled to an amount equal to the greater of:

(i) interest on the unpaid contributions; or

(ii) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

## Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A. **Hard Surface** be ordered to produce reports and contributions from December, 2015 through the present; and records for a fringe benefit audit from January, 2014 through the present;

B. That judgment be entered in favor of Plaintiffs and against **Hard Surface** in the amount shown to be due on the reports.and the audit;,

C. That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages and/or interest, and reasonable attorneys' fees and costs, all as provided in 29 U.S.C. Section 1132(g)(2)(D); and

    D.    That this Court grant such other and further relief as may be appropriate under the circumstances.

                Respectfully submitted,

                TRUSTEES OF THE CHICAGO PAINTERS,et al,

                By:    S/James R. Anderson
                          One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
GRANT R. PIECHOCINSKI
ARNOLD AND KADJAN
203 North LaSalle Street, Suite 1650
(312) 236-0415